IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MEAD DELLANEGRA VEST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No: 1:17-cv-196 |
| | § | |
| RESOLUTE FOREST PRODUCTS US, INC. | § § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

**COMES NOW**, Plaintiff, Mead Vest, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's breach of fiduciary duties with respect to life insurance coverage under an employee benefits plan, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 *et seq.*, and the subject Benefit Plan constitutes a "plan under ERISA."

2. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2) both as the place where the benefits plan was administered and as a place where a defendant resides and may be found.

1

## PARTIES

3. Plaintiff, Mead Vest, is the widow of Arthur Vest, and the beneficiary of the life insurance plan and policy that underlie this action. Plaintiff is a resident of Bradley County, Tennessee.

4. Defendant Resolute Forest Products, US, Inc., is the Plan Sponsor and Plan Administrator of the Resolute FP US, Inc. Life Insurance Program.

5. Defendant Resolute Forest Products, US, Inc. may be served through its registered agent, for service of process, CT Corporation, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

## FACTS

6. From October 1976 through September 2015, Arthur Vest worked for Defendant Resolute Forest Products in its Calhoun, Tennessee, location.

7. Arthur Vest's final job title was occupational health and safety manager, earning approximately $100,000 per year.

8. Resolute Forest Products provided group life insurance benefits for its employees, under the Resolute FP US, Inc. Life Insurance Program (hereinafter "the Plan").

9. This provision of group life insurance coverage constitutes an ERISA welfare benefit plan.

10. Arthur Vest (and his widow, as his designated beneficiary) was a participant in the Plan.

11. The Plan provided base coverage, in the amount of one times the participant's salary, paid for by Resolute.

12. The Plan further allowed participants to purchase optional coverage, in the amount of 1, 2, 3, 4, or 5 times the participant's salary.

13. Arthur Vest purchased optional coverage in the amount of 3 times his salary.

14. The Plan provides that in the event some or all of a participant's coverage ends, he may either convert the amount that ends to an individual policy, or port the amount that ends to a group policy. Either converting or porting requires an application to the insurance company within 31 days, and payment of applicable premiums.

15. Upon information and belief, Resolute allows employees who are receiving long term disability benefits to keep basic term life benefits (and medical and dental benefits), but all other benefits are stopped. Such employees do have the right to port or convert within 31 days.

16. On or about September 23, 2015, Arthur Vest ceased working due to a disability, caused by complications of long standing diabetes.

17. Arthur Vest applied for, and was awarded, first short term, and then long term disability benefits.

18. By letter dated April 27, 2016, Resolute's long term disability carrier informed Arthur Vest that his long term disability claim was approved effective March 23, 2016.

19. Resolute then switched Arthur Vest's life insurance coverage to "Company Sponsored Basic Term Life and AD&D (Retiree) 2016" in the amount of $100,000, and ended his optional life coverage.

20. An "Employee Benefit Summary Report" printed May 23, 2016, showed his "Company Sponsored Basic Term Life and AD&D (Retiree) 2016" effective March 23, 2016, and showed his optional life coverage to have been effective only for June 1, 2015 through May 18, 2016.

21. After switching Arthur Vest's life insurance coverage to "Company Sponsored Basic Term

3

Life and AD&D (Retiree) 2016" and ending his optional life coverage, Resolute did not provide Arthur Vest with any information concerning his right to port or convert the coverage that had ended.

22. Arthur Vest subsequently passed away on October 11, 2016.

23. Resolute's life insurance carrier paid Plaintiff Mead Vest the $100,000 (plus interest) due under the "Company Sponsored Basic Term Life and AD&D (Retiree) 2016" coverage, but asserted "there is no enrollment showing he had additional benefits"; the carrier advised Plaintiff to consult with Resolute.

24. By e-mail to Plaintiff dated October 19, 2016, Lynn Crosby, Manager of Pensions and Benefits at Resolute, confirmed that participants who go out on long term disability get to keep medical, dental, and basic term life benefits, but all other benefits are stopped; such individuals do have the right to port or convert within 31 days.

25. By e-mail to Plaintiff dated October 19, 2016, Ms. Crosby confirmed that the only manner by which the right to port or convert is communicated to participants is by distributing summary plan descriptions.

26. By e-mail to Plaintiff dated October 19, 2016, Ms. Crosby stated "we provide SPDs to participants, but most don't read them."

### FIRST CAUSE OF ACTION
### FOR EQUITABLE RELIEF AGAINST DEFENDANT
### PURSUANT TO 29 U.S.C. §§ 1132(a)(3)

27. Defendant Resolute, as Plan Administrator, is a fiduciary and owes fiduciary duties to all Plan participants and beneficiaries, including the deceased and the Plaintiff.

28. Part of the fiduciary duties owed to Plan participants and beneficiaries is a duty to "convey complete and correct material information to a beneficiary." *Krohn v. Huron Mem. Hosp.*, 173 F.3d 542, 548 (6th Cir. 1999). This duty "entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful." *Id.*

29. After switching Arthur Vest's life insurance coverage to "Company Sponsored Basic Term Life and AD&D (Retiree) 2016" and ending his optional life coverage, Resolute did not provide Arthur Vest with any information concerning his right to port or convert the coverage that had ended.

30. The only manner by which the right to port or convert was communicated to participants by Resolute is by distributing summary plan descriptions.

31. Resolute was aware that "we provide SPDs to participants, but most don't read them."

32. Mere provision of SPDs is insufficient to fulfill the fiduciary duty to inform. *Krohn*, *supra*, 173 F.2d at 550.

33. Mere provision of SPDs is specifically insufficient to fulfill the fiduciary duty to inform with respect to the right to port or convert life insurance benefits within a limited period of time. *See Erwood v. Life Ins. Co. of N. America*, 2017 WL 1383922 (W.D.Pa. 2017)..

34. Defendant breached its fiduciary duties to Arthur Vest and Mead Vest by failing to inform them of material facts concerning the Plan.

35. ERISA § 502(a)(3) provides that a civil action may be brought:

> (3) by a participant, beneficiary, or fiduciary
> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or

      (B) **to obtain other appropriate equitable relief**
          (i) to address such violations or
          (ii) to enforce any provision of this subchapter or the terms of the plan…

66. Accordingly, § 502(a)(3) allows Plaintiff to bring a claim against Defendant for breach of fiduciary duty. As a result of Defendant's breach of fiduciary duty, Plaintiff is entitled to recover appropriate equitable relief.

67. Relief in the form of monetary compensation – sometimes called a "surcharge" – for a loss resulting from the Marion General Hospital's breach of duty may be awarded under section 502(a)(3). See *Cigna Corporation, et al. v. Amara et al.*, ___ U.S. ___, 131 S. Ct. 1866, 1880 (2011) ("The surcharge remedy extended to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary.").

68. A fiduciary under ERISA can be surcharged under § 502(a)(3) upon a showing of actual harm by the plan participant or beneficiary.

69. As a direct result of Defendant's breach of its fiduciary duties, Plaintiff suffered actual harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action**:

1. A finding in favor of Plaintiff against all Defendants;

2. Damages in the amount equal to the amount of life insurance coverage lost due to Defendant's failure to inform the Vests of the right to port or convert the amount of life insurance

coverage that ended when Resolute switched Arthur Vest's life insurance coverage to "Company Sponsored Basic Term Life and AD&D (Retiree) 2016" and ended his optional life coverage, as a "surcharge" pursuant to ERISA § 502(a)(3);

3. Prejudgment and postjudgment interest;

4. Plaintiff's reasonable attorney fees and costs pursuant to ERISA § 502(g); and

5. Such other relief as this court deems just and proper.

Dated this 11th day of July, 2017.

                                       Respectfully submitted

BY:      /s/ R. Scott Wilson
            R. Scott Wilson (#019661)
            **The Wilson Firm, PLLC**
            2288 Gunbarrel Road
            Suite 154, #225
            Chattanooga, TN  37421
            (423) 498-6511
            Fax (423) 498-6512
            **Eric Buchanan & Associates, PLLC**
            *Of Counsel*
            swilson@wilsondisability.com